JOURNAL ENTRY AND OPINION
Relator avers that he is incarcerated at the Marion Correctional Institution. He further avers that, in September 1992, he requested a copy of the police investigative report regarding the homicide for which relator was convicted. Relator complains that he has received only the initial offense incident report. Relator requests that this court compel respondent to provide the records which he has requested.
Respondent has filed a motion to dismiss and argues, inter alia, that relator is not entitled to relief in mandamus because he has not complied with R.C. 149.43, the Public Records Law. Relator has not opposed the motion. For the reasons stated below, we grant the motion to dismiss.
In Wilberger v. Highland Hills Police Dept. (Mar. 22, 2001), Cuyahoga App. No. 79160, unreported, the relator who was incarcerated sought relief in mandamus compelling the Highland Hills Police Department to make available to him copies of records relating to his plea of guilty to felonious assault.
 Generally, the public may inspect and obtain copies of public records. See R.C. 149.43(B)(1)-(3). However, an exception exists for those persons who are incarcerated and seek certain types of public records. R.C. 149.43(B)(4) provides that:
 A public officer or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justifiable claim of the person.
 Herein, the relator has failed to demonstrate that he has attempted to comply with the mandatory requirements of R.C. 149.43(B)(4) through a petition addressed to the judge that imposed the original sentence of incarceration. In addition, the relator has failed to demonstrate that the trial court judge has determined that any record sought is necessary to support any justifiable claim. State ex rel. Walker v. Balraj, 2000 Ohio App. LEXIS 3620 (Aug. 2, 2000), Cuyahoga App. No. 77967, unreported.
 Finally, the Supreme Court of Ohio, in State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, held that:
 Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. * * * Id., paragraph five of the syllabus.
 The Supreme Court of Ohio also held in Steckman that information assembled by law enforcement officials in connection with a criminal proceeding is, by the work product exception, excepted from required release and that a defendant in a criminal case who has exhausted the direct appeals of his or her conviction may not avail himself or herself of R.C. 149.43 in order to support a petition for postconviction relief. Steckman, supra, paragraphs five and six of the syllabus. Based upon the application of Steckman, we decline to issue a writ of mandamus on behalf of the relator. See, also, State ex rel. Larson v. Cleveland Pub. Safety Dir. (1996), 74 Ohio St.3d 464, 659 N.E.2d 1260.
Wilberger, supra, at 1-4.
Likewise, in this action, relief in mandamus is not appropriate. Relator has not averred that he has complied with the requirements of R.C. 149.43(B)(4). Similarly, relator has failed to rebut respondent's argument that Steckman also bars relief in mandamus.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.
Accordingly, we grant respondent's motion to dismiss. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE